# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRY PAGE,** | |
| Plaintiff, | CIVIL ACTION |
| v. | No. 06-cv-04695 |
| **BANCROFT NEUROHEALTH, INC.** | JURY TRIAL DEMANDED |
| Defendant. | |

## AMENDED COMPLAINT

Plaintiff, Terry Page, Ph.D., by and through undersigned counsel, hereby brings this Amended Complaint against defendant Bancroft NeuroHealth, Inc., and avers as follows:

1. Plaintiff Terry Page, Ph.D. is an adult individual and a citizen of the Commonwealth of Pennsylvania, residing therein at the address set forth in the caption.

2. Defendant Bancroft NeuroHealth, Inc. ("Bancroft") is a corporation organized and existing under the laws of the State of New Jersey. At all times relevant hereto, Bancroft has regularly transacted business in the City and County of Philadelphia and has maintained a registered office at One South Broad Street, Suite 1620, Philadelphia, PA 19107.

3. Terry Page is a board certified Behavioral Analyst.

4. In or about 1991, Dr. Page was hired by defendant Bancroft as Chief of Behavioral Services.

5. In 1994, Dr. Page was promoted to Vice President, Rehabilitation and Brain Injury Services.

6. In 1996, Dr. Page was promoted to Vice President, Program Operations.

7.  In 2000, Dr. Page was promoted to Executive Vice President, Clinical Services.

8.  On or prior to 1996, defendant Bancroft agreed to provide a "Top Hat" severance benefit plan ("Severance Agreement") to members of its management team, including Dr. Page.

9.  The terms of the Severance Agreement were described by defendant Bancroft as follows:

> Bancroft will also provide you with a severance benefit. This is a one-time benefit at termination of employment equal to up to two times salary. The benefit will become available on a staggered ("vesting") basis, with 6 month's pay available with less than five years of service upon termination, 1 year's pay upon five to ten years of service, and two year's pay upon more than 10 years of service.

Dr. Page is not in possession of a copy of the Severance Agreement. However, the Severance Agreement was described in a Personal Financial Planning Memorandum dated February 1996, a copy of which is attached hereto and incorporated herein as Exhibit A.

10. Dr. Page completed his tenth your of service to defendant Bancroft in 2001.

11. Pursuant to the terms of the Severance Agreement, Dr. Page became vested with a severance benefit of two years' his annual salary at that time.

12. Notwithstanding the Severance Agreement, in or about July 2005, defendant Bancroft instituted a Key Executive Severance Pay Policy. A copy of said Policy is attached hereto and incorporated herein as Exhibit B.

13. Pursuant to the Key Executive Severance Pay Policy, subject to the terms and conditions set forth therein, defendant Bancroft agreed to pay a severance benefit of 12 months' pay to employees with more than 10 years of service.

14. On or about September 7, 2005, defendant Bancroft terminated Dr. Page's employment without cause.

15. The termination of Dr. Page's employment was necessitated by defendant Bancroft's financial difficulties.

16. Dr. Page's duties were reassigned to Bancroft's Chief Medical Officer, Caroline Edderding.

17. At various times during his employment, Dr. Page agreed to defer the payment of bonus compensation due and owing to him.

18. Subsequent to his termination, Dr. Page requested to be paid the deferred compensation due to him.

19. Bancroft has failed to pay the deferred compensation due to Dr. Page.

## COUNT I
## Breach of Contract

20. The averments contained in paragraphs 1 through 19 above are incorporated by reference as though fully set forth herein.

21. At the time of his termination, Dr. Page's annual salary was $180,000.

22. Pursuant to the Severance Agreement, at the time of his termination, defendant Bancroft was obligated to pay to Dr. Page two years' salary in the sum of $360,000.

23. Despite repeated demand, defendant Bancroft has failed and refused to pay the severance benefits as agreed.

WHEREFORE, Plaintiff Terry Page, Ph.D. demands judgment in his favor and against Defendant Bancroft NeuroHealth, Inc. in the amount of $360,000, together with pre-judgment interest and costs of suit.

## COUNT II
## Breach of Contract

24. The averments contained in paragraphs 1 through 23 above are incorporated by reference as though fully set forth herein.

25. Dr. Page contends that, as a matter of law, the Key Executive Severance Pay Policy does not supersede the Severance Agreement because his rights under the Severance Agreement vested years prior to the issuance of the Key Executive Severance Pay Policy.

26. However, in the event that this Honorable Court deems the Key Executive Severance Pay Policy to have superseded the Severance Agreement, then defendant Bancroft was obligated to pay to Dr. Page one year's salary in the sum of $180,000.

27. To avoid making the payments due under the Key Executive Severance Pay Policy, defendant Bancroft has falsely characterized the termination of Dr. Page's employment as having been for cause.

28. The conduct of defendant Bancroft constitutes a breach of contract.

WHEREFORE, Plaintiff Terry Page, Ph.D. demands judgment in his favor and against Defendant Bancroft NeuroHealth, Inc. in the amount of $180,000, together with pre-judgment interest and costs of suit.

## COUNT III
## Breach of Contract

29. The averments contained in paragraphs 1 through 28 above are incorporated by reference as though fully set forth herein.

30. Bancroft's failure to pay to Dr. Page the deferred compensation due to him constitutes a breach of contract.

31. Dr. Page believes the deferred compensation due to him exceeds the sum of $30,000, however, the complete records of deferred compensation should be in the possession of Bancroft.

WHEREFORE, Plaintiff Terry Page, Ph.D. demands judgment in his favor and against Defendant Bancroft NeuroHealth, Inc. in an amount to be proven at trial, together with pre-judgment interest and costs of suit.

/s/ Stanley B. Cheiken, Esquire (SC1060)
STANLEY B. CHEIKEN, ESQUIRE

The Pavilion – Suite 503
261 Old York Road
Jenkintown, PA 19046
(215) 572-8600

*Attorney for Plaintiff*

Date: April 19, 2007

# **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused to be served a true and correct copy of the foregoing AMENDED COMPLAINT upon the following person first class mail, postage prepaid:

    Jennifer L. Sova, Esquire
    Ballard Spahr Andrews & Ingersoll
    Main Street
    Plaza 1000 - Suite 500
    Voorhees, NJ 08043-4636

    /s/ Stanley B. Cheiken, Esquire (SC1060)
    STANLEY B. CHEIKEN, ESQUIRE

    The Pavilion – Suite 503
    261 Old York Road
    Jenkintown, PA 19046
    (215) 572-8600

    *Attorney for Plaintiff*

Date: April 19, 2007